## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-09590-JFW (SK) | Date | November 25, 2019 |
|---|---|---|---|
| Title | Terrell Frazier v. Hill M. Eliot | | |

**Present: The Honorable** Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On November 7, 2019, Petitioner filed a petition under 28 U.S.C. § 2254 challenging his 2011 convictions for first degree murder and robbery with firearm and gang enhancements. (ECF 1 at 1-2). Petitioner is serving a sentence of life without parole plus 50 years and a determinate term of 19 years and four months. (*Id.* at 2). He seeks a sentence reduction under California state law. (*Id.* at 5). On its face, however, the petition is subject to summary dismissal on at least three grounds.

First, the petition is second and successive. In October 2012, Petitioner filed a § 2254 petition challenging the same 2011 convictions. (*See* C.D. Cal. Case No. 12-cv-08836).[1] That petition was dismissed with prejudice in December 2014. So to file a second or successive federal habeas petition, Petitioner had to obtain permission from the Ninth Circuit Court of Appeals first. *See* 28 U.S.C. § 2244(b)(3)(A)-(B). Yet the petition references no Ninth Circuit order authorizing a second and successive petition, nor does the Court's independent review reveal any such order. Without that authorization, the Court lacks jurisdiction over the petition.

Second, even if Petitioner could file a second and successive petition, his sentencing claim arises only under California state law. But federal habeas relief is available only if he is being held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac*, 456 U.S. 107, 119 (1982). "[A] state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Third, even if Petitioner's state law claim were recast as a federal claim, the petition is facially untimely. The California Court of Appeal affirmed Petitioner's convictions and sentence in March 2012, after which the California Supreme Court denied review in June 2012. (ECF 1 at 2-3). His convictions became final 90 days later in September 2012 when the time to

---

[1] The Court takes judicial notice of Petitioner's prior direct appeal and habeas proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-09590-JFW (SK) | Date | November 25, 2019 |
|---|---|---|---|
| Title | Terrell Frazier v. Hill M. Eliot | | |

seek United States Supreme Court review expired. *See McMonagle v. Meyer*, 802 F.3d 1093, 1097 (9th Cir. 2015). So, absent statutory or equitable tolling, Petitioner had one year—until September 2013—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). Statutory tolling under 28 U.S.C. § 2244(d)(2) appears unavailable because Petitioner's first state habeas petition was not filed until 2019 (ECF 1 at 3-4) after the one-year limitations period had already lapsed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Nor would Petitioner's first 2012 federal petition have tolled the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). And there appears no basis for equitable tolling, which is Petitioner's burden to prove. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

For these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **December 27, 2019** why this action should not be summarily dismissed with prejudice. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached Form CV-09. *See* Fed. R. Civ. P. 41(a). **But if Petitioner files no notice of voluntary dismissal or timely response to this order, the Court may also recommend involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**